## ROHRER v STATE

Ohio Appeals, 2nd Dist, Montgomery Co
No. 1052. Decided April 20, 1931

N. K. Brumbaugh, Dayton, for Rohrer.

Franklin Krehbiel, Cincinnati, for the State.

**HORNBECK, J.**

Officer Croft testified definitely that he saw Grimes jump out of the right side of the automobile which the defendant was driving, that at that time Grimes had in his hands the carton and that he saw Grimes drop this carton and as he pursued Grimes he, the officer, looked into the carton and saw the gallon can which afterwards was found to contain liquor. After apprehending Grimes the officer returned to the place where he had seen the carton dropped and recovered it. If this is true, and it was undisputed, there can be no doubt that Grimes was in possession of the liquor in question and that he had it when he jumped from the car of the defendant.

Both Officers Croft and Lee testified that the defendant and Grimes were riding in the same seat in defendant's automobile. The officers saw this when they came alongside of them preparatory to stopping them because of the open cutout. It is convincing that Grimes could not have had a gallon can of liquor in a paper carton along side of defendant without defendant's knowledge. This in conjunction with the flight of Grimes and the other circumstances, at least, makes a sufficient case against the defendant as to the knowledge of the article which Grimes was carrying along side of the defendant in the automobile, and defendant did not take the stand to deny his knowledge.

On the second proposition for consideration without cross examination, Officer Croft testified positively that he had been a patrolman for four and one-half years; that he had many occasions to arrest people charged with liquor violation; that he knew liquor when he saw it and that the contents of the gallon can which Grimes dropped and he picked up was corn whiskey. This testimony without any showing that the officer did not have full opportunity to know that to which he testified was sufficient. Answering this question he may have brought to his knowledge his senses of sight, taste and smell with respect to the character of the liquor. We are of opinion that the judgment of the trial court was not in conflict with the weight of the evidence and that the Common Pleas Court in affirming that judgment committed no error.

The cause will be affirmed and remanded for further proceedings according to law.

ALLREAD, PJ, and KUNKLE, J, concur.